UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, F/K/A COUNTRYWIDE HOME LOANS SERVICING LP, | Case No. 2:16-cv-00424-MMD-BNW |
| Plaintiff, | ORDER |
| v. | |
| GREEN VALLEY SOUTH OWNERS ASSOCIATION NO. 1; DAISY TRUST; NEVADA ASSOCIATION SERVICES, INC., | |
| Defendants. | |

## I.    SUMMARY

This dispute arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court are the following motions: (1) Defendant Daisy Trust's motion for summary judgment (ECF No. 67); (2) Plaintiff Bank of America, N.A.'s ("BANA") motion for summary judgment (ECF No. 68; ECF No. 70 (errata)); and (3) Defendant Green Valley South Owners Association No. 1's ("HOA") motion for summary judgment (ECF No. 69). The Court has reviewed the parties' responses (ECF Nos. 71-74) and replies (ECF Nos. 77-79). Because the Court agrees with BANA that it properly tendered the superpriority amount, the Court grants BANA's motion for summary judgment.

## II.    BACKGROUND

The following facts are undisputed unless otherwise indicated.

///

Dennis L. Scott ("Borrower") purchased the real property ("Property") located within the HOA[1] at 137 Elegante Way, Henderson, NV 89074 with a loan ("Loan") in the amount of $179,188 that was secured by a first deed of trust ("DOT") recorded June 27, 2008. (ECF No. 68-1 at 2-4, 13.)

An assignment transferring the DOT to BANA was recorded on October 5, 2011. (ECF No. 68-4 at 2-3.)

The HOA, through its agent Defendant Nevada Association Services ("NAS"), recorded a notice of delinquent assessment lien against the Property on August 23, 2011. (ECF No. 68-5 at 2.) The HOA's agent recorded a notice of default and election to sell on November 18, 2011. (ECF No. 68-6 at 2-3.)

BANA, through counsel Miles Bauer, requested the superpriority amount of the HOA's lien and offered to pay the same on December 19, 2011. (ECF No. 68-7 at 13-14.) The HOA and NAS refused to respond and failed to provide the superpriority amount or any ledger by which BANA could calculate the superpriority amount. (*Id.* at 11.) Nevertheless, BANA calculated the superpriority amount as $882 and tendered a check for that amount to the HOA on February 2, 2012. (*Id.* at 19-21.) The HOA received the letter and rejected the tender. (*Id.* at 11, 23, 25, 27.) No charges were incurred for maintenance or nuisance abatement. (*See* ECF No. 68-8 at 8.)

NAS proceeded with the foreclosure process after rejecting BANA's tender. The HOA recorded a notice of foreclosure sale ("HOA Sale") on April 23, 2012. (ECF No. 68-11 at 2-3.) The HOA sold the Property to Daisy Trust at the HOA Sale on August 31, 2012, for $3,555. (ECF No. 68-12 at 2.)

The only remaining claim in this action is BANA's claim for quiet title/declaratory relief against all Defendants. (*See* ECF No. 66 at 1.)

///

///

---

[1]The Court assumes that the Property is located within the HOA even though the planned unit development rider identifies the planned unit development as "Oakwood AMD"—not Green Valley South Owners Association No. 1. (*See* ECF No. 68-1 at 13.)

## III.   LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere

existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted) (quoting William W. Schwarzer, *et al.*, The Analysis and Decision of Summary Judgment Motions, 139 F.R.D. 441, 499 (Feb. 1992)). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

## IV. DISCUSSION

The HOA and Daisy Trust make numerous arguments in their responses and in their own motions that the Court need not consider because BANA's tender preserved the DOT. Accordingly, the Court only addresses the parties' arguments regarding tender, balancing of the equities, statute of limitations, and laches.

BANA argues that it is entitled to summary judgment because BANA tendered the correct amount to satisfy the superpriority lien. (ECF No. 68 at 6-9.) The Court agrees. Most of the arguments the HOA and Daisy Trust raise in response were rejected by the Nevada Supreme Court in *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113 (Nev.), *as amended on denial of reh'g* (Nov. 13, 2018), though the Court will address those arguments that were not addressed in that case.

One of those arguments relates to the authentication of exhibits. BANA relies on affidavits of a representative of Miles Bauer (the law firm BANA retained to handle the tender payment in this case) to show that it tendered the superpriority amount. (ECF No. 68 at 4 (citing ECF No. 68-7).) The affidavits are supported by several exhibits, including an account ledger from the HOA and a case management note recorded in a computerized system. (ECF No. 68-7 at 16-17, 27.) Daisy Trust argues that the account ledger is unauthenticated and constitutes inadmissible hearsay. (ECF No. 74 at 19.) Daisy Trust further argues that the case management note is inadmissible because the affiant did not explain his familiarity with the computer system in detail. (*Id.* at 19-20.)

The Court finds that BANA has presented admissible evidence to demonstrate that it tendered the superpriority amount and the HOA rejected its tender. (ECF No. 68-7 at 2-27.) The affidavit sufficiently explains that both the account ledger and the case management note are what they purport to be. (*See id.* at 9-11.) In addition, the Court has found similar affidavits sufficient in several other cases. *See, e.g.*, *Bank of Am., N.A. v. Peccole Ranch Cmty. Ass'n*, No. 2:16-cv-00660-MMD-CWH, 2019 WL 1284095, at *3 (D. Nev. Mar. 19, 2019); *Bank of Am., N.A. v. Sunrise Ridge Master Homeowners Ass'n*, No. 2:16-cv-00467-MMD-CWH, 2019 WL 1245780, at *4 (D. Nev. Mar. 18, 2019); *see also Bank of Am., N.A. v. Lake Mead Court Homeowners' Ass'n*, No. 2:16-cv-00504-GMN-NJK, 2019 WL 208864, at *5 (D. Nev. Jan. 15, 2019). Accordingly, the Court rejects Daisy Trust's argument about authentication.

Daisy Trust also argues that the Court must weigh the equities even if it finds that BANA made a valid tender. (ECF No. 74 at 20-21.) The Court disagrees. The Nevada Supreme Court did not balance the equities in a significant case regarding tender, *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 121 (Nev.), *as amended on denial of reh'g* (Nov. 13, 2018).

Daisy Trust further argues that BANA's claim for declaratory judgment is barred by the three-year statute of limitations at NRS § 11.190(3). (ECF No. 74 at 2-3.) The HOA made this argument in its motion to dismiss, and the Court rejected it. (ECF No. 66 at 4-5.) The Court rejects the argument again for the same reasons.

The HOA argues that BANA's claim is barred by the doctrine of laches. (ECF No. 69 at 3.) BANA argues that it is entitled to a strong presumption that laches is inapplicable because it filed suit within the analogous limitations period. (ECF No. 72 at 8.) The Court agrees with BANA and rejects the HOA's laches argument. *See Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1139 (9th Cir. 2006).

Accordingly, the Court will grant summary judgment in favor of BANA. Granting summary judgment in favor of BANA necessarily requires denying the HOA and Daisy Trust's cross motions for summary judgment.

## V.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that BANA's motion for summary judgment (ECF No. 68) is granted. The Court declares that BANA's tender preserved the DOT, and the DOT continues to encumber the Property.

It is further ordered that the HOA's motion for summary judgment (ECF No. 69) is denied.

It is further ordered that Daisy Trust's motion for summary judgment (ECF No. 67) is denied.

It is further ordered that the Clerk of the Court enter judgment in favor of BANA on its remaining claim for relief—quiet title/declaratory judgment—and close this case.

DATED THIS 13th day of May 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE